UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AVELINO MARTINEZ,

        Plaintiff,

  v.

BANK OF AMERICA HOME LOANS;
FIRST FINANCIAL EQUITIES,
INC.; ETS SERVICES, LLC; UVC
FINANCIAL; URIEL VARGAS;

        Defendants.
_____/

Civ. No. S-09-3180 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motions of defendants Countrywide Home Loans, Inc. (erroneously sued as Bank of America Home Loans), Mortgage Electronic Registration Systems, Inc., UVC Financial, and Uriel Vargas to dismiss plaintiff Avelino Martinez'z ("plaintiff") complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). On March 9, 2010, plaintiff filed a statement of non-opposition, requesting that his claims for violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") be dismissed without

1

prejudice. (Docket # 19.) Accordingly, plaintiff's TILA and RESPA claims are dismissed. See, e.g. Fed. R. Civ. Pro. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (defendant's filing of a motion to dismiss, pursuant to FRCP 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Dismissal of the TILA and RESPA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for negligence, violation of the California Rosenthal Act, breach of fiduciary duty, fraud, violation of California Business and Professions Code §§ 17200 *et seq.*, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of California Civil Code § 1632.

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.")(quoting

Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

    Accordingly, plaintiff's complaint is DISMISSED without prejudice.[1]

    IT IS SO ORDERED.

DATED: March 12, 2010.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because the court has dismissed the action, it does not consider plaintiff's untimely filed First Amended Complaint. (Docket # 18.)